### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 06-cv-01282-REB-MEH

WAYNE D. DABERKOW,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
### OF JOHN S. GOFF, M.D. & MOTION FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

This matter is before me on the following motions: 1) **Defendant's Motion to Exclude Testimony of John S. Goff, M.D.** [#30], filed April 20, 2007; and 2) **Defendant's Motion for Summary Judgment** [#39], filed May 25, 2007.  The plaintiff has filed a response to the motion to exclude [#33], and the defendant has filed a reply in support of the motion to exclude [#38].  The plaintiff has filed a response to the motion for summary judgment [#42], and the defendant has filed a reply in support of the motion for summary judgment [#46].  I deny both motions.

### I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1346(b)(1) (claims against the United States for negligent or wrongful conduct).

## II. BACKGROUND

This is a medical malpractice case. The plaintiff received medical treatment from the Department of Veterans Affairs (VA). Beginning in October, 2000, the plaintiff's VA doctor conducted repeated fecal occult blood tests (FOBT) on the plaintiff to screen him for colon cancer. These tests never indicated the presence of colon cancer. In September, 2004, the plaintiff saw a private physician for treatment of abdominal pain. After a CT scan, the plaintiff was diagnosed as suffering from colon cancer.

The plaintiff claims that his VA doctor, Dr. Sylvia Sydow, M.D., was negligent when she failed to offer the plaintiff screening for colon cancer by a colonoscopy, or other means that would visualize the colon. The plaintiff has designated John S. Goff, M.D., as an expert witness. In his report, Dr. Goff opines:

> The standard of care was (breached) by failure to screen this patient properly for colon cancer. The appropriate means of screening is a full colonoscopy or a barium enema combined with a flexible sigmoidoscopy starting at age 50 in patients with an average risk of colon cancer. This has been the standard for the past 20 years. As indicated several times in the records from the VA system, the health care providers noted no colonoscopy had been done; yet they failed to order one over a 4 year period of observation.

*Defendant's motion to exclude* [#30], filed April 20, 2007, Exhibit B, p. 2.

The defendant asks that I exclude Dr. Goff's opinion about the relevant standard of care from evidence in this case, arguing that Dr. Goff's opinion does not satisfy the requirements of Fed. R. Evid. 702. The defendant asserts four bases for excluding Dr. Goff's opinion on the standard of care: 1) the opinion is not supported by sufficient facts or data; 2) Dr. Goff's methodology is flawed because he did not examine or rely on any literature, textbooks, or other sources to develop his opinion; 3) Dr. Goff has not

applied accepted scientific methodology to develop his opinion; and 4) Dr. Goff's testimony does not fit the facts of the case.

In its motion for summary judgment, the plaintiff argues that Dr. Goff's opinion is not admissible under Fed. R. Evid. 702 and under §13-64-401, C.R.S.  If Dr. Goff's opinion testimony is excluded, then the plaintiff does not have any evidence to demonstrate that the applicable standard of care was breached in this case.  Absent such evidence, the defendant argues, the defendant is entitled to summary judgment.

### III.  FED. R. EVID. 702

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called *Daubert* trilogy.  *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).  The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable."  *Smith v. Ingersoll-Rand Co.*, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted).

Rule 702 requires that opinion testimony be the product of reliable principles

3

and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case. Reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. **Heller v. Shaw Indus.**, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. **See, e.g., Kumho Tire**, 526 U.S. at 149-52; **Heller**, 167 F.3d at 155. Generally, four factors are considered relevant in determining whether a proffer of expert testimony is reasonably reliable. The court must determine whether the expert testimony 1) can be and has been tested; 2) has been subject to peer review and publication; 3) has a known or potential rate for error; and 4) has attained general acceptance in the relevant scientific community.

### A.  Insufficient Facts & Data, Flawed Methodology

The defendant argues that Dr. Goff's opinion about the applicable standard of care is not supported by sufficient facts and data. In his deposition, Dr. Goff stated that his opinion about the applicable standard of care is based on his "training, (his) general knowledge of the literature on this subject, and what is practiced in the community." *Motion to exclude testimony* [#30], filed April 20, 2007, Exhibit A (Goff deposition), 45:1-8. Dr. Goff provides a similar outline of the bases for his opinion about the applicable standard of care in his affidavit, including AGA and ACS guidelines. *Response* [#33], filed May 10, 2007, Exhibit 1 (Goff Affidavit), pp. 1-3. The defendant argues also that Dr. Goff relied on a flawed methodology in arriving at his opinion about the standard of care. The defendant claims also that Dr. Goff did not rely on any texts

4

or other published literature in arriving at his opinion, that Dr. Goff conducted no studies on the issue, that Dr. Goff has not written any peer-reviewed publications on the relevant issue, and that Dr. Goff simply states his arbitrary opinion about the standard of care.  In addition, the defendant claims Dr. Goff's opinion is contrary to the conclusions stated in some medical literature.

Dr. Goff's statements in the record provide a sufficient factual basis for his opinion about the applicable standard of care.  His training, his teaching of practitioners in the relevant medical specialty, his knowledge of the relevant literature, and his own practice of medicine in the relevant specialty all serve to provide an adequate basis for his opinion about the applicable standard of care.  To the extent Dr. Goff failed to consider relevant information, or might have been able to obtain more complete information, those facts go to the weight to be ascribed to his opinion, and not to their admissibility.  The same is true for Dr. Goff's failure to consider or address conclusions in the medical literature that are contrary to Dr. Goff's opinion.  The defendant's criticisms of the factual bases for Dr. Goff's opinion do not indicate that Dr. Goff had so little factual information or such sloppy methodology that he could not form a reasonably reliable opinion.  Under these circumstances, vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the appropriate means for challenging the factual basis of Dr. Goff's opinion.

### B.  Fit

The defendant argues also that Dr. Goff's opinion about the standard of care should be excluded because his opinion does not fit the facts of this case.  In evaluating proffered expert opinion testimony, a court must determine "whether this

particular expert (has) sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." ***Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137, 156 (1999).

Based on its arguments that Dr. Goff does not have an adequate basis for his opinion, the defendant argues that Dr. Goff's "litigation-driven beliefs" do not amount to expert testimony that will assist the trier of fact.  Again, I conclude that Dr. Goff has stated an adequate basis for his opinion and, therefore, I reject the defendant's contention that Dr. Goff's opinion about the standard of care does not fit the facts of this case.  In addition, the defendant argues that Dr. Goff's opinion does not fit the facts of this case because Dr. Goff is a gastroenterologist, and he discusses the standard of care for doctors in that specialty, while the issue in this case is the standard of care for primary care physicians.  Dr. Goff has stated that he is familiar with the standard of care for primary care physicians, and he has stated a credible basis for his claimed familiarity with that standard.  *See, e.g., Response* [#33], filed May 10, 2007, Exhibit 1 (Goff Affidavit), pp. 2-3.  Further, Dr. Goff has stated his opinion about the standard of care in terms of primary care physicians.  *See, e.g., Id.*, pp. 3-4.

### C.  Conclusion

Dr. Goff's has specialized knowledge that will assist jurors in determining the particular issues in this case.  His opinion about the standard of care fits the facts of this case.  To the extent Dr. Goff's opinion on the standard of care my not fully address the facts of this case, vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the appropriate means for challenging Dr. Goff's opinion.  The defendant's motion to exclude Dr. Goff's opinion

testimony under Fed. R. Evid. 702 is denied.

## IV.  SUMMARY JUDGMENT

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. ***Farthing v. City of Shawnee, Kan***.  39 F.3d 1131, 1134 (10th Cir. 1994).  A "material" fact is one "that might affect the outcome of the suit under the governing law," ***Id.*** at 1135 (citing ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Id.*** (citing ***Anderson***, 477 U.S. at 248).

Again, the basis for the defendant's motion for summary judgment is that Dr. Goff's opinion testimony about the applicable standard of care is inadmissible.  Absent Dr. Goff's testimony, the plaintiff has no evidence about the applicable standard of care and its breach in this case.  Absent such evidence, the defendant would be entitled to summary judgment.

As discussed above, I conclude that Dr. Goff's opinion testimony about the standard of care and its breach is admissible under Fed. R. Evid. 702.  The defendant argues in its motion for summary judgment that Dr. Goff's opinion testimony about the standard of care also is inadmissible under § 13-64-401, C.R.S.  Section 13-64-101, which is applicable in this Federal Tort Claims Act case, provides:

> No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless he not only is a licensed physician but can demonstrate by competent evidence that, as a result of training,

7

> education, knowledge, and experience in the evaluation, diagnosis, and
> treatment of the disease or injury which is the subject matter of the action
> or proceeding against the physician defendant, he was substantially
> familiar with applicable standards of care and practice as they relate to
> the act or omission which is the subject of the claim on the date of the
> incident. The court shall not permit an expert in one medical subspecialty
> to testify against a physician in another medical subspecialty unless, in
> addition to such a showing of substantial familiarity, there is a showing
> that the standards of care and practice in the two fields are similar. The
> limitations in this section shall not apply to expert witnesses testifying as
> to the degree or permanency of medical or physical impairment.

§ 13-64-401, C.R.S.

Based on the affidavit, deposition testimony, and report of Dr. Goff, as contained in the record of this case, I conclude that Dr. Goff satisfies the requirements of §13-64-401. Dr. Goff is a licensed physician and the plaintiff has demonstrated by competent evidence that, as a result of training, education, knowledge, and experience in the evaluation, diagnosis, and treatment of the disease that is the subject matter of this case, Dr. Goff is substantially familiar with applicable standards of care and practice as they relate to the act or omission that is the subject of this case. Dr. Goff is an expert in a medical subspecialty different than that of the doctor whose actions are at issue in this case. However, the plaintiff has shown that similar standards of care and practice are applicable in Dr. Goff's subspecialty and in the specialty of the doctor whose actions are at issue in this case. Dr. Goff's opinion testimony is admissible under §13-64-401.

If Dr. Goff's opinion testimony is admissible, then there are a variety of contested issues of material fact relating to the plaintiff's claims. Dr. Goff's opinion testimony is admissible. In this circumstance, the defendant is not entitled to summary judgment, and the defendant's motion for summary judgment is denied.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendant's Motion To Exclude Testimony of John S. Goff, M.D.** [#30], filed April 20, 2007, is **DENIED**; and

2.  That the **Defendant's Motion for Summary Judgment** [#39], filed May 25, 2007, is **DENIED**.

Dated July 6, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

9