IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-01282-REB-MEH (Consolidated with 07-cv-02477-REB-MEH)

URSULA DABERKOW, Personal Representative of the Estate of WAYNE D. DABERKOW, deceased,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**Blackburn, J.**

This matter is before me on the **Defendant's Motion To Strike** [#49], filed July 5, 2007. The plaintiff filed a response [#52] and the defendant filed a reply [#55]. I deny the motion.

The motion concerns the plaintiff's tardy designation of two expert witnesses, Dr. Frankum and Dr. Hoppe. Dr. Frankum and Dr. Hoppe are physicians who treated the plaintiff, Wayne Daberkow, who now is deceased. Initially, Dr. Frankum and Dr. Hoppe were designated as experts by the defendant. After they were deposed, the plaintiff filed supplemental disclosures under Fed. R. Civ. P. 26(a) designating Dr. Frankum and Dr. Hoppe as expert witnesses for the plaintiff. The scope of the opinion testimony described in the plaintiff's supplemental designations is broader than the scope of the testimony described in the defendant's designations for these witnesses. In its motion to strike, the defendant argues that Dr. Frankum and Dr. Hoppe should be stricken as

expert witnesses for the plaintiff because the plaintiff's designations were untimely, and because the untimely designation of these witnesses will prejudice the defendant.  The defendant does not seek to preclude all testimony by Dr. Frankum and Dr. Hoppe, and is not objecting to their testimony about the care they provided to the plaintiff, their observations of him, or similar issues.  *Reply* [#55], filed July 20, 2007, p. 2.  Rather, the defendant seeks to preclude only testimony by these two witnesses about the standard of care, causation, damages, and similar topics.  *Id.*

The defendant claims it will be prejudiced if Dr. Frankum and Dr. Hoppe are permitted to testify on these topics because the defendant will not have the opportunity to depose Dr. Frankum and Dr. Hoppe based on the scope of the testimony for which the defendant seeks to offer from these witnesses.  In addition, the defendant says the plaintiff's tardy designations have prevented the defendant from having its own expert review the opinions of Dr. Frankum and Dr. Hoppe.  Finally, the defendant argues that it has been precluded from challenging the proposed testimony of these witnesses under Fed. R. Evid. 702, because the deadline for doing so has passed.

Since the Defendant's Motion To Strike was filed, the posture of this case has changed significantly.  Most important, this case now is set for a bench trial that will begin on September 29, 2008.  Given the amount of time remaining until trial begins, the prejudice that the defendant claims it will suffer if Dr. Frankum and Dr. Hoppe are permitted to testify can be extenuated greatly, and possibly alleviated completely.  Dr. Frankum and Dr. Hoppe both are physicians whose knowledge in certain areas of medicine are relevant to the matters at issue in this case.  It appears that their testimony likely will be helpful to the fact finder.  Given these circumstances, I conclude

2

that Dr. Frankum and Dr. Hoppe should be permitted to testify, as proposed by the plaintiff, under the conditions outlined in this order, which conditions are designed to minimize or eliminate any prejudice that might be suffered by the defendant.

The parties shall have until April 30, 2008, again to depose Dr. Frankum and Dr. Hoppe, if any party chooses to conduct such depositions. The defendant shall have until May 30, 2008, to designate any rebuttal experts who will address the proposed testimony of Dr. Frankum or Dr. Hoppe. If the plaintiff wishes to depose any such designated rebuttal experts, the plaintiff shall have until June 30, 2008, to conduct such depositions. The deadline for the defendant to file any motion challenging the testimony of Dr. Frankum or Dr. Hoppe under Fed. R. Evid. 702 shall be June 1, 2008.

Finally, I must note that this order should not be read as an approval of the plaintiff's cavalier and unilateral efforts to accomplish an extension of the relevant disclosure deadlines. Henceforth, such unilateral action by the plaintiff will not be countenanced by the court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion To Strike** [#49], filed July 5, 2007, is **DENIED**;

2. That parties shall have until **April 30, 2008**, again to depose Dr. Frankum and Dr. Hoppe, if any party chooses to conduct such depositions;

3. That the defendant shall have until **May 30, 2008**, to designate any rebuttal experts to address the proposed testimony of Dr. Frankum or Dr. Hoppe;

4. That if the plaintiff wishes to depose any such designated rebuttal experts, the plaintiff shall have until **June 30, 2008**, to conduct such depositions;

5. That the deadline for the defendant to file any motion challenging the

3

testimony of Dr. Frankum or Dr. Hoppe under Fed. R. Evid. 702 shall be **June 10, 2008**; and

    6. That all other previously scheduled deadlines shall remain in effect.

Dated March 12, 2008, at Denver, Colorado.

                                **BY THE COURT:**

                                **s/ Robert E. Blackburn**
                                **Robert E. Blackburn**
                                **United States District Judge**