IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-01282-REB-MEH
(Consolidated with 07-cv-02477-REB-MEH)

URSULA DABERKOW, Individually and as Personal Representative of the Estate of WAYNE D. DABERKOW, deceased,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING
## DEFENDANT'S MOTION *IN LIMINE*
## TO EXCLUDE UNDISCLOSED EXPERT OPINIONS
## BY DRS. HOPPE AND FRANKUM

**Blackburn, J.**

The matter before me is **Defendant's Motion *In Limine* To Exclude Undisclosed Expert Opinions by Drs. Hoppe and Frankum** [#83][1] filed September 25, 2008. Defendant seeks the entry of an order *in limine* excluding opinion testimony at trial by Charles Frankum, M.D., and Wayne Hoppe, M.D., that was not disclosed during discovery. I grant the motion.

Having judicially noticed all relevant adjudicative facts in the file and record, and having considered the reasons stated, arguments advanced, and authorities cited by

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the defendant in its motion [#83] and reply [#92] and the plaintiff in her response [#91], I enter the following findings of fact, conclusions of law, and orders.

**FINDINGS OF FACT**

This is a case brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), in which plaintiffs allege that the method by which the Department of Veterans Affairs ("VA") screened decedent Wayne D. Daberkow for colorectal cancer breached the standard of care. Plaintiffs claim that this breach delayed the diagnosis of Mr. Daberkow's colon cancer and caused plaintiffs injury.

The parties submitted a proposed scheduling order on October 19, 2006. *See* [#8]. In that order, plaintiff, Wayne D. Daberkow,[2] stated that he planned to designate experts in the areas of primary care, gastroenterology, oncology, and economics. (*Id.* at 7.) On October 25, 2006, the magistrate judge held a scheduling conference and set an expert disclosure deadline of February 1, 2007. *See* [# 9].

On October 26, 2006, I issued a Trial Preparation Conference Order prescribing requirements for Rule 26(a)(2) reports and requiring that all motions raising issues under Fed.R.Evid. 702 be filed by April 20, 2007. *See* [#11].

On February 1, 2007, plaintiff, Wayne D. Daberkow, served Rule 26(a)(2) disclosures. Plaintiff, Wayne D. Daberkow, disclosed only two experts, John Goff, M.D.,

---

[2] Wayne D. Daberkow, the original plaintiff, died on June 28, 2007. Subsequently, Ursula D. Daberkow brought claims individually and as Personal Representative of the Estate of Wayne D. Daberkow, Deceased. Thus, for events and actions occurring on and before June 28, 2007, I refer to "plaintiff," singular. However, for events and actions occurring after June 28, 2007, I refer to "plaintiffs," plural.

a gastroenterologist who is a specially retained expert, and Martin Rubinowitz, M.D., an oncologist who was one of plaintiff's treating physicians (and who has since been withdrawn). Between February 1, 2007, and May 11, 2007, plaintiff, Wayne D. Daberkow, did not serve any supplemental Rule 26(a)(2) disclosures disclosing any additional experts.

On May 11, 2007, defendant took the deposition of Charles Frankum, M.D., a colorectal surgeon who was one of plaintiff's treating physicians. Dr. Frankum had not previously been disclosed as an expert by plaintiff, and plaintiff's counsel never indicated to defendant in any way before or during the deposition that he intended to call Dr. Frankum as an expert. Further, colorectal surgery was not an area in which plaintiff had stated an intent to disclose an expert in the scheduling order. Accordingly, defense counsel took Dr. Frankum's deposition with the understanding that he would be called at trial by plaintiff as a fact witness only. Plaintiff's counsel did not indicate at any point prior to the conclusion of the deposition that plaintiff intended to disclose or use Dr. Frankum as an expert.

On returning to her office after the deposition, defense counsel received Plaintiff's Second Supplemental Rule 26(a)(2) disclosure that purported to disclose Dr. Frankum as an expert. That disclosure was served on May 11, 2007, more than three months after plaintiff's disclosure deadline. Plaintiff did not seek an extension of the February 1, 2007, expert disclosure deadline before or after making to that disclosure.

The second disclosure stated that plaintiff was disclosing Dr. Frankum as follows:

-3-

> He is specifically endorsed to testify that the only alternative he uses for colon cancer screening is colonoscopy. He is specifically endorsed to testify that at the time of Wayne Daberkow's first surgery for colon cancer Mr. Daberkow had a perforated colon cancer, which perforated in the few weeks prior to the operation when pain symptoms began, and which carries a much worse prognosis than unperforated colon cancer. He is specifically endorsed to testify that if Mr. Daberkow's colon cancer had been diagnosed 4 years earlier than it was[,] the prognosis, to a reasonable degree of medical probability, would have been curable for two reasons (a) it would have been at a much earlier stage and (b) it would be been prior to perforation.

(Emphasis added). This disclosure has not been supplemented.

On June 26, 2007, defendant took the deposition of Dr. Hoppe. Prior to this deposition, Dr. Hoppe had not been disclosed in plaintiff's Rule 26(a)(2) disclosures. During his deposition, defense counsel objected to deposition questions that called for expert testimony. The day after the deposition, plaintiff served his Third Supplemental Rule 26(a)(2) disclosure. The third disclosure endorsed Dr. Hoppe as follows:

> He is specifically endorsed to testify that he recommends colonoscopy for all his patients over the age of 50 for average risk for colon cancer as a screening for the disease, an that this had been his practice in the time frame of 2000 to the present. He will testify that the reason for the recommendation is that this is the most reasonable way to screen for colon cancer. He will testify that he has been aware of the risks and benefits of various methods of screening for colon cancer, including colonoscopy, for years and still recommends colonoscopy as the most reasonable method of screening. He will testify that the only circumstance in the past several years where he would use the FOBT alone as colon cancer screening would be in a patient who had been offered colonoscopy and refused. He is specifically endorsed to testify that at the time of Wayne Daberkow's first surgery for colon cancer Mr. Daberkow had a perforated colon cancer, which perforated in the few weeks prior to the operation when pain symptom began, and which carries a much worse prognosis than unperforated colon cancer. He is specifically endorsed to testify that if Mr. Daberkow's colon cancer had been diagnosed 4 years earlier than it was the prognosis, to a reasonable degree of medical

probability, would have been significantly improved and would have been prior to perforation.

(Emphasis added).

Defendant moved to strike these physicians as experts for plaintiffs. *See* [#49]. After the motion was filed on July 5, 2007, the pending trial date was vacated because Mr. Daberkow passed away on June 28, 2007. On March 12, 2008, I denied the motion to strike, finding that "[g]iven the amount of time remaining until trial begins, the prejudice that the defendant claims it will suffer if Dr. Frankum and Dr. Hoppe are permitted to testify can be extenuated greatly, and possibly alleviated completely." *See* [#70] at 2. I allowed additional depositions of Drs. Hoppe and Frankum to be taken. However, I stated: "I must note that this order should not be read as an approval of the plaintiff's cavalier and unilateral efforts to accomplish an extension of the relevant disclosure deadlines. Henceforth, such unilateral action by the plaintiff will not be countenanced by the Court." (*Id.* at 3.)

Subsequently, defendant took a second discovery deposition of Dr. Hoppe and Dr. Frankum. Those doctors were questioned about the opinions the disclosures *pro tanto*, and each physician confirmed that he had not been asked to provide other opinions in this case. (Dr. Frankum Depo at 17:15-23 (May 8, 2008) (Ex. C to defendant's motion); Dr. Hoppe Depo. at 70:18-71:2 (May 15, 2008) (Ex. D to defendant's motion)).

Plaintiffs' counsel informed defendant that plaintiffs desired to take preservation depositions of these doctors in lieu of calling them live at trial. Defendant did not

oppose that request, and plaintiffs took those trial preservation depositions on September 10 and 11, 2008.

At the trial preservation depositions, plaintiffs asked the witnesses to provide expert testimony that had not been disclosed in the extant Rule 26(a)(2) disclosures. Specifically, with respect to the methods of colorectal cancer screening, the disclosure for Dr. Frankum (who is a colorectal surgeon, not a primary care doctor, such as Dr. Sydow whose actions are at issue here) stated only: "He is specifically endorsed to testify that the only alternative he uses for colon cancer screening is colonoscopy." Dr. Frankum was never endorsed by plaintiffs to testify about fecal occult blood testing or as an expert on the standard of care. However, at the preservation deposition, plaintiffs' counsel asked Dr. Frankum various questions about fecal occult blood testing, including whether it was "reasonable" for other physicians to use fecal occult blood testing. Dr. Frankum was also asked whether the standard of care was the same for all practitioners who do colon cancer screening. problematically, Dr. Frankum was never disclosed as an expert on fecal occult blood testing or on the standard of care or about the reasonableness of colon cancer screening methods.

Similarly, during his trial preservation deposition Dr. Hoppe was asked questions that exceeded the purview of plaintiffs' extant Rule 26 disclosure. His disclosure was limited to his personal practices about screening for colorectal cancer. Dr. Hoppe was never designated by plaintiffs to testify about the standard of care or the reasonableness of various colorectal cancer screening methods. However, at his trial

oppose that request, and plaintiffs took those trial preservation depositions on September 10 and 11, 2008.

At the trial preservation depositions, plaintiffs asked the witnesses to provide expert testimony that had not been disclosed in the extant Rule 26(a)(2) disclosures. Specifically, with respect to the methods of colorectal cancer screening, the disclosure for Dr. Frankum (who is a colorectal surgeon, not a primary care doctor, such as Dr. Sydow whose actions are at issue here) stated only: "He is specifically endorsed to testify that the only alternative he uses for colon cancer screening is colonoscopy." Dr. Frankum was never endorsed by plaintiffs to testify about fecal occult blood testing or as an expert on the standard of care. However, at the preservation deposition, plaintiffs' counsel asked Dr. Frankum various questions about fecal occult blood testing, including whether it was "reasonable" for other physicians to use fecal occult blood testing. Dr. Frankum was also asked whether the standard of care was the same for all practitioners who do colon cancer screening. problematically, Dr. Frankum was never disclosed as an expert on fecal occult blood testing or on the standard of care or about the reasonableness of colon cancer screening methods.

Similarly, during his trial preservation deposition Dr. Hoppe was asked questions that exceeded the purview of plaintiffs' extant Rule 26 disclosure. His disclosure was limited to his personal practices about screening for colorectal cancer. Dr. Hoppe was never designated by plaintiffs to testify about the standard of care or the reasonableness of various colorectal cancer screening methods. However, at his trial

preservation deposition, Dr. Hoppe was asked whether it was reasonable for other physicians to use FOBT for colon cancer screening, which examination and concomitant opinions are clearly beyond the ken of his Rule 26 disclosure.

Thus, despite being required to take two depositions of each of these doctors due to plaintiffs' belated disclosure of them as witnesses, defendant was confronted during their preservation deposition testimony with new opinions by these experts. Plaintiffs' counsel has not filed any deposition designations for these depositions, but informed defendant's counsel on September 23, 2008, that plaintiffs intended to broadcast the entire preservation deposition of both Dr. Frankum and Dr. Hoppe at the trial.

Concerning their opinions about fecal occult blood testing, the standard of care, or the reasonableness of colon cancer screening methods, Dr. Frankum and Dr. Hoppe were acting and testifying not as treating physicians, but instead, as expert witnesses. Defendant requests that the new and previously undisclosed expert opinions from these two physicians be excluded at trial.

## CONCLUSIONS OF LAW

The opinions of Dr. Frankum and Dr. Hoppe about fecal occult blood testing, the standard of care, or the reasonableness of colon cancer screening methods constitute expert opinions that trigger the evidentiary requirements of Fed.r.Evid. 702 and the reporting requirements of Fed.R.Civ.P. 26(a)(2). Expert opinions of this type and subject matter transcend testimony as a treating physician, which is properly limited to opinions

regarding causation and prognosis based on examination and treatment of the patient. *See Trejo v. Franklin*, 2007 WL 2221433, at *1, Civ. Action No. 04-cv-02523-REB-MJW (D. Colo. July 30, 2007)  Thus, any such expert opinions from Drs. Frankum and Hoppe that were not previously disclosed in the time and manner prescribed by the court should be precluded at trial.  As I found above, the original deadline for plaintiff to disclose his experts was February 1, 2007.  Plaintiff neither disclosed these witnesses as experts prior to that time nor sought an extension of that deadline nor filed a motion for leave to disclose these experts out of time.  Dr. Frankum was disclosed on May 11, 2007, more than three months after the deadline, and Dr. Hoppe was disclosed on June 27, 2007, nearly five months after the deadline.

Munificently, I have already permitted plaintiff to make an untimely expert disclosure, although I noted for just this circumstance that my order "should not be read as an approval of the plaintiff's cavalier and unilateral efforts to accomplish an extension of the relevant disclosure deadlines.  Henceforth, such unilateral action by the plaintiff will not be countenanced by the Court." *See* [#70] at 3.  Despite this warning, plaintiffs improperly elicited previously undisclosed opinion testimony from Drs. Hoppe and Frankum at their trial preservation depositions.

Plaintiff should be precluded from presenting any improperly undisclosed opinions from either witness. *See* Fed.R Civ.P. 37(c).  Rule 37(c) states relevantly that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule

26(e)(2), <u>is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed</u>." Fed.R.Civ.P. 37(c) (Emphasis added).

Here, there can be no dispute that the challenged opinions were not disclosed prior their trial preservation deposition testimony. Thus, the opinions must be excluded at trial – *i.e.*, should be stricken from their preservation depositions – unless the failure to disclose them is harmless.

However, non-disclosure in these circumstances is not harmless. Rather, it has prejudiced defendant in a number of ways, and, thus, is not harmless under Rule 37(c). First, plaintiffs had ample time and opportunity to disclose these new opinions pursuant to Rule 26(a)(2) under the new scheduling order, but plaintiffs never did so. Thus, defense counsel was unfairly deprived of the pretrial opportunity to depose the experts regarding those opinions, the bases for those opinions, or their qualifications to render them. Defendant had no fair notice of these new expert opinions until they were elicited by plaintiffs in the trial preservation deposition testimony. Thus, defendant did not have a reasonable opportunity to cross-examine the witnesses fully about those opinions at the trial preservation depositions. This is precisely the type of prejudicial surprise that Rules 26 are 37 are designed to avoid.

Second, the failure to properly disclose these experts' opinions prevented defendant from having an expert of its own review the new opinions to rebut them. These new opinions by Drs. Frankum and Hoppe were never disclosed, but instead,

were sprung on defendant at the trial preservation depositions, long after discovery had closed and on the eve of trial. Thus, defendant had no fair opportunity to rebut these opinions.

Third, the delay in disclosing these witnesses as experts has precluded defendant from challenging their testimony under Fed.R.Evid. 702. When I ruled on defendant's motion to strike, I set a deadline of June 1, 2008, for Rule 702 motions challenging Drs. Frankum or Hoppe. By withholding these opinions until after that deadline and until a little more than two weeks before trial, plaintiffs have effectively precluded defendant from prosecuting a Rule 702 challenge to these witnesses.

In sum, by not properly disclosing these new expert opinions, plaintiffs have unfairly precluded defendant from (1) fully cross-examining the physicians about their expert opinions at trial; (2) questioning them about their qualifications, opinions, and bases for those opinions, (3) obtaining and providing a report from a defense expert to rebut their opinions, and (4) filing a Rule 702 motion to challenge those opinions, the bases for them, or the qualifications to render them.

I denied defendant's prior motion to strike because I found that any prejudice could be alleviated by allowing defendant to depose these witnesses again. However, there is now prejudice that cannot be cured. Further, I have already warned plaintiffs that "the plaintiff's cavalier and unilateral efforts to accomplish an extension of the relevant disclosure deadlines . . . will not be countenanced by the Court" in the future. *See* [#70] at 3. Notwithstanding, plaintiffs elicited and seek to proffer at trial the additional expert opinions that were not previously or properly disclosed. Thus, I

conclude ultimately that the motion should be granted.

## ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion *In Limine* To Exclude Undisclosed Expert Opinions by Drs. Hoppe and Frankum** [#83] filed September 25, 2008, is **GRANTED**; and

2. That as the court considers the videotaped trial preservation deposition testimony of Dr. Frankum and Dr. Hoppe, respectively, it will not consider expert opinions not properly disclosed, including their expert opinions about fecal occult blood testing, the relevant standard of care, and the reasonableness of colon cancer screening methods.

Dated October 29, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**